FILED

AUG 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **HERNAN ROBERTO MOLLINEDO CANO; TATIANA PAULINA MOLLINEDO; EDMI SHANTALL MOLLINEDO ICHAZO; DANIEL MAURICIO MOLLINEDO ICHAZO**, <br><br> Petitioners, <br><br> v. <br><br> **ERIC H. HOLDER Jr., Attorney General**, <br><br> Respondent. | Nos. 06-70303 & 07-71749 <br><br> Agency Nos.  A079-544-368 <br> A079-544-369 <br> A079-544-370 <br> A078-112-372 <br><br> **MEMORANDUM**[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Argued and Submitted June 8, 2010
Pasadena, California

Before:     **KOZINSKI**, Chief Judge, **RAWLINSON**, Circuit Judge and
**MARBLEY**, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Hernan and Tatiana Mollinedo are ineligible for asylum because the IJ didn't find circumstances excusing them from the requirement of applying within a year after they arrived in the United States. See 8 U.S.C. § 1158(a)(2)(B). The children on the application weren't subject to the same time bar. See, e.g., El Himri v. Ashcroft, 378 F.3d 932, 936 (9th Cir. 2004). We therefore remand to the BIA to consider the merits of the children's asylum claims, and whether to grant a continuance pending resolution of their adjustment-of-status applications.

Substantial evidence supports the IJ's determination that the family is unlikely to be persecuted or tortured in Bolivia, so we uphold the decisions not to withhold removal or grant relief under the Convention Against Torture. See Shrestha v. Holder, 590 F.3d 1034, 1039, 1048 (9th Cir. 2010). We also uphold the denials of cancellation of removal because the IJ found that no qualifying relative would suffer exceptional hardship. See Tampubolon v. Holder, 598 F.3d 521, 527 (9th Cir. 2010). The evidentiary rulings the family criticizes caused no "substantial prejudice" to any of its claims. Lara-Torres v. Ashcroft, 383 F.3d 968, 973 (9th Cir. 2004). And it was not an abuse of discretion to deny the motions to reopen. See Rodriguez-Lariz v. INS, 282 F.3d 1218, 1222 (9th Cir. 2002).

We stayed the time for voluntary departure on January 19, 2006. The stay remains in place for the children on remand but continues for their parents only until the mandate issues.

**GRANTED IN PART, DENIED IN PART AND REMANDED.** The parties shall bear their own costs for these petitions for review.